IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jonathan E. Coxe, | ) | C/A No. 3:23-00389-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **SEPARATE ANSWER AND COUNTER-** |
| vs. | ) | **CLAIM OF GOVERNMENT PERSONNEL** |
| | ) | **MUTUAL LIFE INSURANCE COMPANY** |
| Government Personnel Mutual Life Ins. | ) | |
| Co., Jason Lowe, Insure4Life, Inc., and | ) | |
| Alliance Group, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Government Personnel Mutual Life Insurance Company ("GPM Life"), answering the Complaint of the Plaintiff and Counterclaiming, alleges as follows:

**GENERAL RESPONSE**

1.    Each and every allegation of Plaintiff's Complaint not herein after specifically admitted, qualified, or explained is denied with strict proof demanded thereof.

**ANSWERING GENERAL ALLEGATIONS**
**(Denial)**

2.    The allegations of Paragraph 1 are admitted upon information and belief.

3.    The allegations of Paragraph 2 are admitted.

4.    The allegations of Paragraph 3 are admitted upon information and belief.

5.    Answering Paragraph 4, this Defendant alleges that Defendant Lowe took John M. Coxe's application for the life insurance policy in question. The remaining allegations of Paragraph 4 are denied with strict proof demanded thereof.

6.    Answering Paragraphs 5 and 6, this Defendant alleges that it lacks sufficient information and belief as to these allegations and therefore denies Paragraphs 5 and 6 with strict

1

proof demanded thereof.

7. Answering Paragraph 7, this Defendant alleges that jurisdiction and venue are appropriate in the United States District Court For The District of South Carolina, Columbia Division. The remaining allegations of Paragraph 7 are denied with strict proof demanded thereof.

8. Answering Paragraph 8, this allegation is a legal conclusion that does not require a response from this Defendant. To the extent Paragraph 8 can be construed require a response from this Defendant, the allegations of Paragraph 8 are denied with strict proof demanded thereof.

9. Answering Paragraph 9, this Defendant alleges that in reliance on John M. Coxe's responses to the questions contained in the application, it issued the policy in question to John M. Coxe, and that Plaintiff Johnathan E. Coxe was the son of John M. Coxe and was the primary beneficiary under the policy. This Defendant further alleges that the policy in question was void due to misrepresentation made by John M. Coxe in the application. The remaining allegations of Paragraph 9 are denied with strict proof demanded thereof.

10. Answering Paragraph 10, this Defendant alleges that Plaintiff Johnathan E. Coxe was the primary beneficiary under the policy and that Dr. Charles E. Coxe was the contingent beneficiary. This Defendant further alleges that the policy in question was void due to misrepresentations made by John M. Coxe in the application. The remaining allegations of Paragraph 10 are denied with strict proof demanded thereof.

11. Answering Paragraph 11, this Defendant alleges that on March 5, 2020, Defendant Lowe took the life insurance application of John M. Coxe for the policy in question. This Defendant further alleges that the policy in question was void due to misrepresentations made by John M. Coxe in the application. The remaining allegations of Paragraph 11 are denied with strict proof demanded thereof.

12. Answering Paragraph 12, this Defendant alleges that Defendant Lowe read the

questions on the application to John M. Coxe and accurately recorded John M. Coxe's responses to those questions. This Defendant further alleges that John M. Coxe was given the opportunity to read the application for accuracy before he signed it. This Defendant also alleges that the application is the best evidence of the contents thereof and reference is made thereto. The remaining allegations of Paragraph 12 are denied with strict proof demanded thereof.

13.     The allegations of Paragraphs 13 are denied with strict proof demanded thereof.

14.     Answering Paragraph 14, this Defendant alleges that based on the representations contained in the application Defendant GPM Life issued a life insurance policy, Policy No. 857992 to John M. Coxe, and that Plaintiff Johnathan E. Coxe was the primary beneficiary under the policy. This Defendant further alleges that the policy is the best evidence of the terms thereof and reference is made thereto. This Defendant also alleges that the policy in question was void due to misrepresentations made by John M. Coxe in the application. The remaining allegations of Paragraph 14 are denied with strict proof demanded thereof.

15.     Answering Paragraph 15, this Defendant alleges that Plaintiff Johnathan E. Coxe was the primary beneficiary under the policy and that Dr. Charles E. Coxe was the contingent beneficiary under the policy. This Defendant further alleges that the policy in question was void due to misrepresentations made by John M. Coxe in the application. The remaining allegations of Paragraph 15 are denied with strict proof demanded thereof.

16.     Answering Paragraph 16, this Defendant alleges that it is bound by the authorized acts of its agents and employees to the extent these acts are performed within the authorized scope of their employment. The remaining allegations of Paragraph 16 are denied with strict proof demanded thereof.

17.     Answering Paragraph 17, this Defendant alleges that based on the representations contained in the application, Defendant GPM Life issued a life insurance policy, Policy No.

857992 to John M. Coxe. This Defendant further alleges that the policy is the best evidence of the terms thereof and reference is made thereto. This Defendant also alleges that the policy in question was void due to misrepresentations made by John M. Coxe in the application. The remaining allegations of Paragraph 17 are denied with strict proof demanded thereof.

18.     The allegations of Paragraph 18 are admitted.

19.     Answering Paragraphs 19 and 20, this Defendant alleges that on or about August 3, 2022, Defendant GPM Life wrote Plaintiff that it was denying Plaintiff's claim and rescinding the policy. This Defendant further alleges that the letter is the best evidence of the contents thereof and reference is made thereto. The remaining allegations of Paragraphs 19 and 20 are denied with strict proof demanded thereof.

20.     The allegations of Paragraphs 21 and 22 are denied with strict proof demanded thereof.

21.     Answering Paragraph 23, this Defendant alleges that the August 3, 2022 letter is the best evidence of the contents thereof and reference is made thereto. The remaining allegations of Paragraph 23 are denied with strict proof demanded thereof.

22.     The allegations of Paragraphs 24, 25, 26, 27, 28, 29, 30 and 31 are denied with strict proof demanded thereof.

23.     The allegations of Paragraph 32 are admitted.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S FIRST CAUSE OF ACTION
(Breach of Contract)
(All Defendants)
(Denial)**

24.     Answering Paragraph 33, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

25.     Answering Paragraphs 34, 35 and 36, this Defendant alleges that based on the

representations contained in the application Defendant GPM Life issued a life insurance policy, Policy No. 857992, to John M. Coxe, and that Plaintiff Johnathan E. Coxe was the primary beneficiary under the policy and that Dr. Charles E. Coxe was the contingent beneficiary under the policy. This Defendant further alleges that the policy is the best evidence of the terms thereof and reference is made thereto. This Defendant further alleges that the policy in question was void due to misrepresentations made by John M. Coxe in the application. The remaining allegations of Paragraphs 34, 35 and 36 are denied with strict proof demanded thereof.

26.   The allegations of Paragraphs 37, 38, 39 and 40 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S SECOND CAUSE OF ACTION
(Negligence)
(All Defendants)
(Denial)**

27.   Answering Paragraph 41, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

28.   The allegations of Paragraphs 42, 43 and 44 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S THIRD CAUSE OF ACTION
(Bad Faith)
(All Defendants)
(Denial)**

29.   Answering Paragraph 45, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

30.   Answering Paragraphs 46 and 47, this Defendant alleges that based on the representations contained in the application Defendant GPM Life issued a life insurance policy, Policy No. 857992, to John M. Coxe, and that Plaintiff Johnathan E. Coxe was the primary

beneficiary under the policy. This Defendant further alleges that the policy is the best evidence of the terms thereof and reference is made thereto. This Defendant also alleges that the policy in question was void due to misrepresentations made by John M. Coxe in the application. The remaining allegations of Paragraphs 46 and 47 are denied with strict proof demanded thereof.

31. The allegations of Paragraphs 48, 49, 50 and 51 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO**
**PLAINTIFF'S FOURTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**
**(All Defendants)**
**(Denial)**

32. Answering Paragraph 52, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

33. The allegations of Paragraphs 53, 54, 55, 56, 57, 58 and 59 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO**
**PLAINTIFF'S FIFTH CAUSE OF ACTION**
**(Breach of Contract Accompanied By A Fraudulent Act)**
**(All Defendants)**
**(Denial)**

34. Answering Paragraph 60, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

35. The allegations of Paragraphs 61, 62, 63 and 64 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO**
**PLAINTIFF'S SIXTH CAUSE OF ACTION**
**(Violation of the SCUTPA)**
**(All Defendants)**
**(Denial)**

36. Answering Paragraph 65, each and every allegation of this Defendant's Answer and

Counterclaim is incorporated herein to the same extent as is set forth verbatim.

37. The allegations of Paragraphs 66, 67, 68, 69, 70, 71, 72, 73 and 74 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S SEVENTH CAUSE OF ACTION
(Conversion)
(All Defendants)
(Denial)**

38. Answering Paragraph 75, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

39. The allegations of Paragraphs 76, 77 and 78 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S EIGHTH CAUSE OF ACTION
(Civil Conspiracy)
(All Defendants)
(Denial)**

40. Answering Paragraph 79, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

41. The allegations of Paragraphs 80, 81 and 82 are denied with strict proof demanded thereof.

**FOR A FIRST DEFENSE AS TO
PLAINTIFF'S NINTH CAUSE OF ACTION
(Fraud)
(All Defendants)
(Denial)**

42. Answering Paragraph 83, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

43. The allegations of Paragraphs 84, 85, 86, 87, 88, 89, 90, 91 and 92 are denied with strict proof demanded thereof.

### FOR A FIRST DEFENSE AS TO
### PLAINTIFF'S TENTH CAUSE OF ACTION
**(Constructive Fraud)**
**(All Defendants)**
**(Denial)**

44. Answering Paragraph 93, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

45. The allegations of Paragraphs 94, 95 and 96 are denied with strict proof demanded thereof.

### FOR A FIRST DEFENSE AS TO
### PLAINTIFF'S ELEVENTH CAUSE OF ACTION
**(Declaratory Judgment)**
**(All Defendants)**
**(Denial)**

46. Answering Paragraph 97, each and every allegation of this Defendant's Answer and Counterclaim is incorporated herein to the same extent as is set forth verbatim.

47. The allegations of Paragraph 98 are denied with strict proof demanded thereof.

### FOR A SECOND DEFENSE AS
### TO ALL CAUSES OF ACTION
**(Failure To State a Claim)**

48. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

49. Plaintiff's Complaint fails to state sufficient facts to constitute causes of action against this Defendant.

### FOR A THIRD DEFENSE AS TO
### ALL CAUSES OF ACTION
**(Failure of Conditions Precedent)**

50. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

51. Plaintiff failed to plead and/or perform all conditions precedent required on his part

to be performed under the Policy.

## FOR A FOURTH DEFENSE AS TO
## ALL CAUSES OF ACTION
### (No Fraud As To Future Events)

52. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

53. Fraud, constructive fraud and negligent misrepresentation cannot be based on statements as to future events.

## FOR A FIFTH DEFENSE AS
## TO ALL CAUSES OF ACTION
### (No Right to Rely)

54. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

55. Plaintiff had no right to rely on any alleged misrepresentation with respect to the contents of the application and the policy because Plaintiff failed to read the application and the policy.

## FOR A SIXTH DEFENSE
## AS TO ALL CAUSES OF ACTION
### (Insurance Practices Exempt From The SCUTPA)

56. Each and every allegation of this Defendant's Answer and Counterclaim is realleged as if set forth verbatim.

57. Plaintiff's UTPA cause of action fails in that the UTPA does not apply to the business of insurance pursuant to S.C. Code § 39-5-40(c) and 39-5-40(a).

## FOR A SEVENTH DEFENSE AS
## TO ALL CAUSES OF ACTION
### (No Impact On The Public Interest)

58. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

59. Plaintiff's UTPA cause of action fails in that the acts alleged do not impact the public interest.

## FOR AN EIGHTH DEFENSE AS
## TO ALL CAUSES OF ACTION
**(Mere Alleged Breach of Contract Not A Violation of The Unfair Trade Practices Act)**

60. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

61. Plaintiff's UTPA cause of action fails in that a mere alleged breach of contract cannot be the basis of an unfair trade practice.

## FOR A NINTH DEFENSE AS
## TO ALL CAUSES OF ACTION
**(Failure To Plead Additional Acts In Furtherance of Conspiracy)**

62. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

63. Plaintiff's civil conspiracy cause of action fails because a cause of action for civil conspiracy cannot be based on the same acts alleged in other causes of action.

## FOR A TENTH DEFENSE AS
## TO ALL CAUSES OF ACTION
**(No Civil Conspiracy For Mere Breach of Contract)**

64. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

65. Plaintiff's civil conspiracy cause of action fails because a cause of action for civil conspiracy cannot be based on an alleged breach of contract.

## FOR AN ELEVENTH DEFENSE AS
## TO ALL CAUSES OF ACTION
**(No Unauthorized Assumption of Right of Ownership)**

66. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

67. Plaintiff's action for conversion against this Defendant is barred because there has been no unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to Plaintiff.

### FOR A TWELFTH DEFENSE AS
### TO ALL CAUSES OF ACTION
### (No Conversion for Obligation to Pay Debt)

68. Each and every allegation of Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

69. Plaintiff's action for conversion against this Defendants is barred because there can be no conversion where there is a mere alleged obligation to pay a debt.

### FOR A THIRTEENTH DEFENSE AS
### TO ALL CAUSES OF ACTION
### (Comparative Negligence)

70. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

71. To the extent this Defendant was negligent, which is denied, Defendant's alleged negligence was less than the negligence of John M. Coxe in failing to give truthful answers to the questions in the application. Therefore, Plaintiff's negligence and negligent misrepresentation causes of action are barred by the doctrine of comparative negligence.

72. If the alleged negligence of this Defendant is less than or equal to the negligence of John M. Coxe, any alleged damages suffered by Plaintiff must be reduced in proportion to the degree of John M. Coxe negligence.

### FOR A FOURTEENTH DEFENSE AS
### TO ALL CAUSES OF ACTION
### (Economic Loss Rule)

73. Each and every allegation of this Defendant's Answer and Counterclaim is

realleged herein as if set forth verbatim.

74. Plaintiff's negligence and negligent misrepresentation causes of action are barred by the Economic Loss Rule.

### FOR A FIFTHTEENTH DEFENSE AS TO
### ALL CAUSES OF ACTION
### (Punitive Damages Are Unconstitutional)

75. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

76. Plaintiff's claim for punitive damages violates both the Fifth and Fourteenth Amendments of The United States Constitution and Section III of the South Carolina Constitution in that the jury's discretion to award punitive damages in any amount which it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

### FOR A SIXTEENTH DEFENSE
### AS TO ALL CAUSES OF ACTION
### (S.C. Code Ann. § 15-32-530)

77. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

78. Any alleged award of punitive damages would be limited by S.C. Code Ann. §15-32-530.

### FOR A SEVENTEENTH DEFENSE
### AS TO ALL CAUSES OF ACTION
### (Estoppel)

79. Each and every allegation of Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

80. John M. Coxe falsely answered Question No. 1.b. on page 4 of the application which asked: "[h]as any Proposed Insured been diagnosed or treated by a member of the medical

12

profession for: Chest pain or pressure, angina, heart attack, congestive heart failure, murmur, abnormal heartbeat, or other circulatory system disorder?" Mr. Coxe answered: "Never been diagnosed or treated". John M. Coxe's response was false because he had been diagnosed or treated by a member of the medical profession for congestive heart failure. John M. Coxe's misrepresentation in responding to the questions on the policy application was calculated to convey the impression that the facts were otherwise than, and inconsistent with, those which the Plaintiff now attempts to assert.

81. John M. Coxe intended that such response would be acted upon by this Defendant, and John M. Coxe had actual or constructive knowledge that his representation was false.

82. This Defendant lacked knowledge, and the means of knowledge, of the truth as to John M. Coxe's false assertion in the application, and relied upon the conduct of John M. Coxe in making the false statement, and prejudicially changed its position in reliance on the conduct of John M. Coxe by issuing John M. Coxe a policy that it otherwise would not have issued. Accordingly, Plaintiff's Complaint barred by the doctrine of estoppel.

**FOR AN EIGHTEENTH DEFENSE AS
TO ALL CAUSES OF ACTION
(Waiver)**

83. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

84. Because John M. Coxe failed to answer Question No. l.b. on page 4 of the application in a truthful manner, any right to recover under any policy has been waived.

**FOR A NINTEENTH DEFENSE AS TO
ALL CAUSES OF ACTION
(Breach of The Covenant of Good Faith and Fair Dealing/Unclean Hands)**

85. Each and every allegation of Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

86. Because John M. Coxe falsely answered Question No. l.b. on page 4 of the application, he breached the mutual covenant of good faith and fair dealing contained in every insurance contract. Accordingly, Plaintiff is barred from recovering under the terms of the policy and/or for bad faith.

### FOR A TWENTIETH DEFENSE AS
### TO ALL CAUSES OF ACTION
### (Unauthorized Acts)

87. Each and every allegation of Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

88. Any alleged improper acts or omissions committed by any agents or employees of this Defendant were outside of the scope of any authority granted them by this Defendant. Accordingly, this Defendant has no liability for any unauthorized acts.

### FOR A TWENTY-FIRST DEFENSE AS
### TO ALL CAUSES OF ACTION AND BY WAY OF A FIRST COUNTERCLAIM
### (Misrepresentation In The Application/ Rescission)

89. Each and every allegation of this Defendant's Answer and Counterclaim is realleged herein as if set forth verbatim.

90. Defendant GPM Life is a corporation duly organized and existing pursuant to the laws Texas, with its principal place of business in Texas.

91. Plaintiff is citizen of the State of South Carolina and claims entitlement to life insurance benefits as a beneficiary under the policy in question.

92. This action is of a civil nature and involves a controversy between citizens of different states. The value of the matter in dispute exceeds the sum of $75,000.00, exclusive of interest and costs as appears from allegations in the Complaint. Alternatively, when a court has jurisdiction over the original action, it is generally considered to have supplemental jurisdiction

over compulsory counterclaims. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, n.1, 94 S. Ct. 2504, 41 L. Ed. 2d 243 (1974) ("If a counterclaim is compulsory, the federal court will have ancillary jurisdiction over it[.]") This court has personal and subject matter jurisdiction over these parties and this matter. Venue is appropriate in this court.

93.  On or about March 5, 2020, John M. Coxe submitted an application for life insurance with Defendant GPM Life for the life insurance policy in question. In this application, Question No. 1.b. on page 4 asked: "[h]as any Proposed Insured been diagnosed or treated by a member of the medical profession for: Chest pain or pressure, angina, heart attack, congestive heart failure, murmur, abnormal heartbeat, or other circulatory system disorder?" John M. Coxe answered: "Never been diagnosed or treated".

94.  John M. Coxe's answer was false because the medical records from John M. Coxe's treating physicians revealed John M. Coxe had been diagnosed or treated by a member of the medical profession for congestive heart failure.

95.  The medical records received from Dr. Sean Fuller documented that on 04/05/2017, John M. Coxe was diagnosed or treated by a member of the medical profession for congestive heart failure when he was seen for a follow up visit after hospitalization. The records indicated a diagnosis of CHF (Congestive Heart Failure) in 2017. The assessment included CHF.

96.  The medical records received from Dr. William J. Phillips III documented John M. Coxe was diagnosed or treated by a member of the medical profession for congestive heart failure during the following visits:

> 12/16/2019 - Mr. Coxe was seen for a follow up visit. An echocardiogram was completed during the follow up visit. The impression included chronic systolic CHF.

06/12/2019 - Mr. Coxe was seen for a follow up visit. The impression included chronic systolic CHF.

12/10/2018 - Mr. Coxe was seen for a follow up visit. The impression included chronic systolic CHF.

06/04/2018 - Mr. Coxe was seen for an office visit. The impression included chronic systolic CHF.

12/04/2017 - Mr. Coxe was seen for a follow up visit. The impression included chronic systolic CHF.

06/30/2017 - Mr. Coxe was seen for a follow up visit. The impression included chronic systolic CHF.

03/24/2017 - Mr. Coxe was seen for a follow up visit. The impression included chronic systolic CHF.

97. The medical records received from Dr. Robert Ornelas documented John M. Coxe was diagnosed or treated by a member of the medical profession for congestive heart failure during the following visits:

02/24/2020 - Mr. Coxe was seen for a follow up visit. The list of current problems included heart failure.

02/06/2020 - Mr. Coxe was seen for a follow up visit. The list of current problems included heart failure.

01/16/2020 - Mr. Coxe was seen for a follow up visit. The list of current problems included heart failure.

11/26/2019 - Mr. Coxe was seen for a follow up visit. The list of current problems included heart failure.

08/27/2019 - Mr. Coxe was seen for a follow up visit. The list of current problems

included CHF.

08/01/2019 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

05/28/2019 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

02/26/2019 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

• 02/07/2019 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

• 11/27/2018 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

• 08/28/2018 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

• 08/02/2018 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

• 05/29/2018 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

• 03/06/2018 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

• 02/08/2018 - Mr. Coxe was seen for a follow up visit. The list of current problems included CHF.

98.  John M. Coxe's died on September 10, 2021 and Plaintiff made a claim for life insurance benefits.

99. Because John M. Coxe's death occurred within two years of the policy being issued, the language of the policy and S.C. Code Ann. §38-63-210 permit the policy to be contested.

100. On or about, August 3, 2022, GPM wrote Plaintiff denying Plaintiff's claim based on John M. Coxe false answer to Question No. l.b. on page 4 of the application, and refunded Plaintiff the $4,0007.04 in premium paid on the policy n plus interest from the date of John M. Coxe's death. Plaintiff rejected this refund.

101. John M. Coxe knew or should have known of the falsity of his answer to Question No. l.b. on page 4 of the application.

102. John M. Coxe's false answer to Question No. l.b. on page 4 of the application was material to the risk in that if this Defendant had known the truth, this Defendant would not have issued Policy No. 857992.

103. Pursuant to page 8 of John M. Coxe's application:

> AGREEMENT: I have read this application, and represent that all of the information given in it is true, complete and correctly written to the best of my knowledge and belief. It is agreed that:
>
> A. The application consists of Part One, Part Two (if required), and any amendments or supplements to either of said parts. It will be relied on by GPM Life as the basis of any policy which may be issued.
> . . .
> C. Except as may be provided by the Conditional Receipt, there will be no insurance unless and until a policy is delivered and the first modal premium paid in full while the insurability of the Proposed Insured(s) is still as described in the application. I will notify GPM Life of any changes taking place before policy delivery and payment.

104. This Defendant relied upon John M. Coxe's misrepresentation in the application by relying on the truthfulness of the responses to the questions in the application in issuing Policy No. 857992 to John M. Coxe.

105. John M. Coxe's misrepresentation was made with the intent to deceive and defraud this Defendant because John M. Coxe received diagnosis or treated by a member of the medical profession for congestive heart failure twenty-three times within the three-year period before the date of his application, with one treatment even being within ten days of the date of the application. John M. Coxe ratified the application by signing it and no one knew better than him that this representation was severely inaccurate and would induce this Defendant to issue the policy. Additionally, based on the language of the application, John M. Coxe also was aware that the obvious purpose of Question No. l.b. on page 4 of the application was to screen out applicants who had been treated or diagnosed with congestive heart failure, and that this Defendant was relying on the truthfulness of the answers in the application to issue the policy. Accordingly, John M. Coxe made an intentional misrepresentation on the application so that his policy would be issued.

106. Based on John M. Coxe's misrepresentation in his application, Defendant is entitled to an order rescinding any coverage provided under Policy 857992 and declaring the policy void.

WHEREFORE, having fully answered, this Defendant prays that the Complaint of the Plaintiff be dismissed as to it with costs; that it be awarded judgment on its Counterclaim rescinding any and all coverage under the policy, and for such further relief as the Court deems just and proper.

          s/ Theodore D. Willard, Jr.
          Theodore D. Willard, Jr.
          Federal I.D. No. 5136
          **MONTGOMERY WILLARD, LLC**
          1002 Calhoun Street
          Post Office Box 11886
          Columbia, South Carolina 29211-1886
          Telephone: (803) 779-3500

          ATTORNEYS FOR DEFENDANT
          GOVERNMENT PERSONNEL MUTUAL LIFE
          INSURANCE COMPANY

January 30, 2023
Columbia, South Carolina